IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDGAR MITCHELL, *et al.*           :        CIVIL ACTION
                                   :
            v.                     :
                                   :
MG INDUSTRIES, INC., *et al.*      :        NO. 05-4073

**MEMORANDUM**

Fullam, Sr. J.                                          June 9, 2009

      The plaintiffs in this age discrimination case seek to have the action certified as a class action. In an earlier order, I tentatively concluded that the action was appropriate for class certification and requested that counsel attempt to agree upon a proposed form of notice. No final decision was reached at that time. Now, after protracted consideration of the plaintiffs' renewed motion for class certification and the defendants' motion for decertification, and the additional information provided by the parties, I have determined that the action cannot proceed as a class action.

      In actions brought under the Age Discrimination in Employment Act ("ADEA"), class actions are authorized by 29 U.S.C. § 626(b), which provides for a class action where complaining employees are "similarly situated." Under the ADEA, class members must "opt in" to the class by giving consent in writing, which must be filed in the court. Approval of an ADEA

class action is often completed in two steps: first, the court makes an initial "notice stage" determination, and then, at the conclusion of discovery, a determination that incorporates the elements of Federal Rule of Civil Procedure 23.  To certify a class, the plaintiffs must meet the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a), and also demonstrate, under Rule 23(b), that the class action is a superior method of fairly and efficiently adjudicating the controversy.

The plaintiffs have alleged that, in 2001, the defendants instituted a one-time employee incentive program known as the "Management Investment Program" ("MIP").  Those employees invited to participate in the MIP were required to make a minimum cash investment equal to at least one-third of their annual salary.  For their investment, the employees became direct shareholders in the company.  If financial goals were reached, the employees could then sell their shares at a time when market conditions were favorable. The plaintiffs allege that within two years the participants realized approximately seven times the value of their initial investment.

According to the plaintiffs, the MIP was offered to "key employees" but the company excluded those who were perceived to be within five years of retirement or perceived to be interested in retirement.  As those so perceived were over the

age of 50, the program discriminated on the basis of age, according to the plaintiffs.  The named plaintiffs also assert individual claims for retaliation and discrimination.

After several modifications, the proposed class that the plaintiffs seek to represent comprises managerial employees over the age of 50 who earned more than $ 60,000 per year and were not offered the opportunity to participate in the MIP.  I have determined that the Plaintiffs cannot meet their burden of establishing either commonality or typicality under Federal Rule of Civil Procedure 23(a).  The question of why employees were or were not selected for inclusion in the MIP is too individualized to lend itself to class-action resolution.  The proposed class cuts across many different departments and positions.   For example, Mr. Mitchell, who is in sales, alleges that the sales employees who were selected had inferior sales and performance records to his and were less experienced.  The fact finder will have to determine the specific reason that any individual was not selected to participate in the MIP in order to establish liability; establishing damages would require a separate determination of whether the individual, if selected, would have participated and what the financial ramifications would have been.  "Resolution of the merits of the claims would degenerate into an unmanageable plethora of multiple individual determinations for each individual proposed class member."  Webb

<u>v. Merck & Co., Inc.</u>, 206 F.R.D. 399, 406 (E.D. Pa. 2002) (Weiner, J.).

I am unconvinced that the named plaintiffs, who assert claims of retaliation and discrimination, are adequate representatives of a class; in addition, there is a serious question as to whether the statute of limitations would bar the claims of some or all plaintiffs; this is not an issue appropriate for class resolution.  Upon consideration of all the required factors, I cannot find that a class action is a superior method of adjudicating this case.

An order follows.